**CLARK, Plaintiff-Appellee, v. OHIO PREFABRICATED HOMES CORP., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4146.   Decided January 22, 1949.

Arthur L. Spielmann, Columbus, for plaintiff-appellee.
C. C. Crabbe, Garek & Sillman, Justin Sillman, Columbus, of Counsel, for defendant-appellant.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of the plaintiff and against the defendant in the sum of $393.14, with costs. The action was for damages in the sum of $393.14, $293.14 of which was money paid by plaintiff to defendant on a sales contract, and $100.00 of which was for cost of material and labor in preparing a foundation upon which to place a house shell which had been purchased by the plaintiff from the defendant under the sales contract. The claim of the plaintiff was that defendant had refused delivery of the house at the price agreed and that thereupon plaintiff elected to rescind the contract.

Two errors are assigned:

First. The judgment should not have been entered because plaintiff was not entitled to rescind the contract.

Second. The trial court erred in entering a judgment against the defendant for the sum of $393.14 because there was no evidence upon which to base a judgment for that amount.

The issue of fact upon which the right of the plaintiff to recover depends is very limited.

It appears that plaintiff, having looked over the house which defendant had to sell, placed a written order for the purchase of one of the houses, a cottage shell, model standard, 20 x 20, "Delivery S. A. P." or "Call S. A. P. for delivery". It is testified that S. A. P. means "soon as possible". The contract was dated April 27, 1946. The purchase price was to be $1093.14 and plaintiff made a down payment in the sum of $293.14.

Although the contract does not expressly mention that the sash in the house were to be steel, there is no substantial difference on this question and it reasonably appears that the house which was contracted for was to include steel window sash. On the 30th of April, three days after the order for the house was placed, defendant wrote to the plaintiff informing him that due to coal and steel strikes it could not deliver the house as originally intended but would deliver it by installing a wood window instead of a steel window; that delivery with the wood window could be made within the next week but if the purchaser preferred to wait, defendant would make delivery as soon as they got the steel windows which should be in about six weeks. On May 13, plaintiff replied, saying that he had been delayed in preparing the foundation and that delay of six weeks would be satisfactory and that he would take

delivery any time after six weeks. It is to be inferred from the contents of the letter that plaintiff wanted delivery of a house with steel sash.

On the 10th of June, a few days before six weeks had elapsed following the letter of April 30th, defendant wrote the plaintiff advising him that the OPA had increased the price on the cottages and that the factory had been granted an increase which it passed on to the plaintiff. The balance on the contract was stated as being $915.81, an increase of $115.81 over the purchase price stated in the written contract.

On the 6th of July, several weeks after the six weeks had elapsed succeeding the letter to plaintiff of April 30th, the defendant again wrote plaintiff in which it was stated that the price having been raised to the company it was, in turn, compelled to raise it to the plaintiff. The letter contained an invitation to come in and talk the matter over and a purpose to make delivery of the house to plaintiff, if possible. Succeeding this letter, the testimony as to what occurred is in the record by oral statement, plaintiff insisting that on or about the 15th of July he had a conference with the defendant in which he urged that it make delivery of the house upon the purchase price set out in the written agreement; that defendant refused to deliver unless plaintiff would pay the increase suggested and that thereupon plaintiff stated that he would not take the house. Plaintiff also testified that the work on the lot was completed within three weeks, probably referring to three weeks after his letter of May 13th.

Defendant insists that at this conversation between the parties it attempted to secure the increase in the purchase price of the house to make it safe on an increase that it had to assume, but the plaintiff insisting on his rights, defendant yielded and offered to deliver according to the written contract. In a letter of date July 26, 1946, this position is substantially stated.

It is upon determination of the true situation respecting what was said and done at this conference between the parties that the right of the plaintiff to recover rests. If the occurrences were as testified by the plaintiff, we are of opinion that he had a full right to rescind the contract and to institute his action for damages and that he was entitled to such damages as reasonably flowed from the failure of defendant to perform. **Taylor v. Brown, 92 Oh St 287.** If the defendant unequivocally insisted upon a purchase price greater than that recited in the written contract, plaintiff had a right to act upon the stand thus taken by the defendant.

The trial judge had full authority to accept the claim of the plaintiff as to what occurred at the conference between plaintiff and Mr. Haskin. Some considerable corroboration for the claim of the plaintiff is found in the written evidence as well as in the statements of Mr. Haskin representing the defendant company. The letters of June 10th and July 6th are phrased upon the theory that the defendant had an absolute right to the increase and to pass on to the customer the increase that it had been compelled to absorb. Likewise, Mr. Haskin in his testimony insisted that if the price was raised to the corporation, it had the right to raise the price to the customer. That being his belief, it is only logical that the letters would conform to his conception of the rights of the corporation.

Of course, we are cognizant of the fact that had the trial judge accepted the claim of the defendant that it was ready to deliver the house with steel sash at the price stated in the contract and so informed the plaintiff at their conference, the finding and judgment could properly have been in favor of the defendant. However, upon review, we must accord to the trial judge the right to weigh the testimony and resolve it for or against a party.

There is no question of the right of the plaintiff to recover the down payment which he had made on the purchase price but it is urged that he may not have further judgment for $100.00, for two reasons, first, having elected to rescind the contract he may not have the additional remedy of a recovery of anything more than the down payment. This is asserted by reason of §8449 (2) GC. In our judgment, the action here is not for breach of warranty and is not controlled by (2) of §8449 GC. The second proposition of the appellant is that there is no proof over and beyond the sum of $45.00 to support the $100.00 claim for damages. This $100.00 was made up of the $45.00 which the plaintiff paid for material, brick and concrete, which went into a footer for foundation upon which to place the house. The remainder, $55.00, was represented by plaintiff's labor, he testifying that he did the work himself and that it required two or three weeks of eight hour days to complete the job. It is urged that there is no testimony as to the value of the services of the plaintiff in doing the work on the foundation. It is true that there is no express testimony on this subject but it may be inferred that a value of $55.00 was placed upon the services rendered. If plaintiff worked but two weeks on the job, putting in eight hours a day, the sum of $55.00 would represent less than

60 cents an hour. We believe the Court had the authority to evaluate the work done and it is certain that the allowance could not have been excessive and therefore was not prejudicial to the defendant. **Hossler, Extr. v. Trump, 62 Oh St 139.**

We find neither assignment of error urged established upon this record. The judgment will, therefore, be affirmed.

WISEMAN, PJ, and MILLER, J, concur.