**FIREPROOF CONSTRUCTION, INC., etc., Plaintiff-Appellee, v. BRENNER-BELL, INC., etc., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4219. Decided January 27, 1949.

W. B. McLeskey, Columbus, for plaintiff-appellee.
Cowan & Adams, J. Paul McNamara, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the judgment of the Municipal Court of Columbus, Ohio, finding the defendant guilty in an action in forcible entry and detention. The petition alleges that on or about February 15, 1946, the parties hereto entered into a written agreement whereby the plaintiff agreed to construct a certain building and upon its completion to enter into a lease with the defendant for a term of five years; that the agreement further provided said defendant should deposit with the plaintiff the sum of $3600.00 in cash payable as follows:

(a) The sum of $1000.00 when the footer for said building had been dug, the cement poured, and one row of blocks laid above the surface of the ground;

(b) $1500.00 when the walls of said building were completed to roof height; and

(c) $1100.00 when the building was completed and ready for occupancy.

The petition further alleges that the defendant deposited the respective sums of money as specified by paragraphs (a) and (b), supra; that on or about April 1, 1947, the building was completed in accordance with the plans and specifications and the building was ready for occupancy; that said defendant thereupon took possession of said building and is still so possessed, but has refused and neglected to pay the sum of $1100.00 as specified by paragraph (c) of the contract; that plaintiff has performed all conditions on its part to be performed; that upon defendant's refusal to pay the sum of $1100.00 the plaintiff advised the defendant that it had elected to rescind said agreement and thereupon tendered the sum previously paid with interest at 6 per cent, which tender was refused.

The petition alleges further that said defendant is a settler on said premises without any color of title; that said defendant has since the first day of April, 1947, and up to the present time still does unlawfully and forcibly detain possession from said plaintiff; that on or about December 29, 1947, notice to vacate was served upon said defendant as required by law.

The first error assigned is that the trial Court erred in ruling that it had jurisdiction of the subject matter of the action. It is urged by appellant that there is no provision in the contract granting the plaintiff the right to rescind and the right of re-entering upon the failure of the defendant to make the payment of $1100.00 provided for in the contract; that it requires the action of a court of equity to rescind and cancel this contract before an action in forcible entry and detention will lie. We recognize the rule that a court without equitable powers has no jurisdiction in an action in forcible entry and detention where the defendant has a contract of purchase which does not provide for a forfeiture and the right of re-entry and repossession by the landlord on conditions broken, but we are of the opinion that this is not a contract for the purchase of real estate, but is only a contract to enter into a lease containing an option to purchase. It conveyed no part of the real estate to the defendant and no interest could be acquired until the exercise of the option. The defendant having defaulted according to the petition, never acquired the right to obtain a lease with the option to purchase. Where there has been a breach of material and vital provisions of the contract by one party, the other party thereto may either treat the contract as terminated and rescind it and pursue the remedy that such rescission en-

titles him to, or he may sue for damages for a breach of the contract. **Buschmeyer v. Machinery Company, 7 Oh Ap 202.** He has an election whether to regard the contract as rescinded or bring an action to recover for its breach. **Wilson v. Hayden, 30 Oh St 365.** Rescission may obtain in equity where there is no adequate remedy at law, but in other cases the party aggrieved may himself rescind and recover damages. **Taylor v. Brown, 92 Oh St 287.** In Farley v. Railroad Company, 24 C. C. (N. S.) 12, the Court held, among other things:

"Where one of the parties to an agreement of settlement has repudiated an integral part of it, and the other party has thereupon elected to disavow the whole of it with an offer to restore the status quo ante, the rescission is an accomplished fact, and requires no judicial declaration of the result thereby accomplished."

If the plaintiff had rescinded and offered to restore all advances made by the defendant as alleged in the petition, he would be entitled to recover from the defendant all that the defendant had received from him thereunder. Among these benefits was the possession of the premises. **9 O. Jur. 596-597.**

It is our conclusion that the averments of the petition contain nothing that require the intervention of a court of equity and that jurisdiction is conferred upon the Municipal Court by §1558-51-(1) and (8) GC.

It is also urged that the Court erred in denying the defendant the right to file an answer and cross-petition. We do not find, however, that the record supports this conclusion. Judge Matthias by entry of May 25, 1948, merely stated that an answer was not required. It was so held in the case of **Schmidt v. Hummell, 81 Oh Ap 167.** We find that there is sufficient evidence to support the conclusion of the trial Court and it therefore cannot be said that the judgment is against the manifest weight of the evidence. We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

No. 4219. Decided February 18, 1949.

By THE COURT.

The application for rehearing is denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.