**STIRES, Plaintiff-Appellee, v. PARK BAR RESTAURANT, INC. et, Defendants-Appellants.**

Ohio Appeals, Second District, Clark County.

No. 510. Decided December 2, 1954.

William E. Bailey, Springfield, Adelaide Seip, Springfield, for plaintiff-appellee.

Cole & Cole, John M. Cole, Orville Wear, Springfield, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment for $8000.00 in favor of the plaintiff and against the defendants.

The claim of the plaintiff was that he had advanced $12,000.00 toward the purchase price of a night club owned by defendant. Roberts, and afterwards incorporated by him to make possible the consummation of the purchase agreement respecting the sale of the club between the defendant, Roberts and Earl Stires, also known as Samuel E. Stires, a son of the plaintiff. The purchase price was $23,500.00. Plaintiff claimed an agreement whereby "defendant, Roberts, for the $12,000.00 advanced was to transfer 50 shares of the stock of the corporation, The Park Bar Restaurant, Inc., defendant, to the plaintiff; that defendant, Roberts had failed and refused to comply with the terms of the agreement and that plaintiff desires to rescind the contract and recover from defendants the money paid for the stock."

Defendants denied that they had any dealings whatever with the plaintiff or that the sum of $12,000.00 down payment on the purchase price of the night club made by Earl Stires, was paid pursuant to the agreement alleged in the petition. They further assert that after Earl Stires had defaulted on his payments on the balance due on the purchase price defendant, Roberts, purchased Earl Stires interest in the shares of the corporation and at that time executed to defendant, Roberts, a full and complete release of all claims whatsoever, past or present. against either Roberts or Park Bar Restaurant, Inc., arising out of his former interest therein; that under the facts alleged this release was a complete bar to plaintiff's claim. The son, Earl Stires, was made a party defendant and answered but was dismissed as a party before the case was presented to the jury.

Appellants assign as errors: Failure of the court to grant them a preliminary hearing on plaintiff's equitable suit for rescission; refusing to submit the effect of the pleaded release to the trial judge instead of submitting it to the jury; in admitting evidence of an attempt to compromise the issues existing between the parties; in refusing to give defendants Special Charge No. 2, to the jury before argument; that the verdict and judgment are not sustained by sufficient evidence and are contrary to law.

Did the court err in refusing to grant defendants a preliminary hearing on the right of plaintiff to a rescission of the contract?

The petition after setting out the cause of action upon which plaintiff relied prays for a rescission of the contract, accounting, appointment of a receiver and for a money judgment in the sum of $12,000.00.

The trial proceeded before a jury upon the action for money judgment. The judgment entry is general for $8,000.00 entered upon the verdict.

In our judgment, there was no necessity for submitting an equit-

able issue to the jury. The plaintiff elected to proceed on his action at law. If he established the contract and his performance of the terms, as alleged, it was admitted by the defendants that they had not performed by transfer of the 50 shares of stock to plaintiff. Whereupon, plaintiff had the right to elect to rescind the contract and to recover for the money which he had advanced in consideration of the transfer. 12 Am. Jur. 1028, Re Statement of the Law of Contracts Vol. 2, par. 347, 348, **Taylor v. Brown, 92 Oh St 287; Clark v. Prefabricated Homes Corp., 54 Abs 120, 122; Fireproof Const., Inc., v. Brenner-Bell, Inc., 54 Abs 149, 152.** The action is not one for damages for breach of contract.

This case is not of the type of **Meyer v. Meyer, 153 Oh St 408** or **Perry v. M. O'Neil Co., 78 Oh St 200,** where as prerequisite to the right of plaintiff to proceed on her right to recover damages for personal injuries, it was essential that a duly executed release of any liability of defendant for such damages be first set aside.

It is manifest from the charge, the judgment entry and the proceedings that the trial judge did not try this case on the theory that there was any equitable issue for him to decide and adjudicate. We find no error in that conclusion.

The second error assigned is the refusal of the trial judge to hear and determine the effect of the release pleaded by defendants.

There was no evidence tending to show that plaintiff was a party to this release. It was executed long after the date when the contract sued upon was made, if it was made. The evidence does not make an issue of the authority of Earl Stires as agent to bind his father to the terms of the release.

The third assignment is that the court erred in permitting testimony to be offered by plaintiff of a proposed compromise by the parties of the subject matter of the action and the terms of that compromise.

We have carefully examined the testimony the admission of which it is contended offended against the well recognized rule that an offer of compromise or of its terms may not be admitted, if it relates to the claim upon which plaintiff bases his right to recover. With the exceptions hereinafter stated none of the testimony can be said to relate solely to a compromise. Most of it, in our judgment, pertained only to a proposal by a Mr. Mann, a prospective purchaser of the Park Bar Restaurant, Inc., to purchase shares of stock ostensibly owned by plaintiff. It was probative of plaintiff's claim under the contract pled that he was entitled to the ownership of the stock in controversy. As the proposal was made in the presence of defendant, Roberts, it was clearly competent. In the situation developed, a general objection to the admission of the testimony was too broad and was properly overruled.

The other testimony which it is claimed suggested an offer of compromise of $8,000.00 was that of Mrs. Daniel E. Stires and related to the same transaction to which we have heretofore referred and was developed inadvertently and not as an expected response to the question propounded. The question by counsel for plaintiff: "Did you hear Mr. Mann make an offer to your husband for his interest in the Park Bar Restaurant, Inc., in the sum of $8,000.00." Answer. "That's right." The next question: "Did you hear that statement made in the presence of Mr. Elmer

Roberts?" Answer: "Well, no, not the $8,000.00. That was made by Mr Roberts later on after Mr. Roberts was there, if I remember right. That is right." On the objection the answer was ordered stricken and the jury admonished to disregard it. The answer was not necessarily indicative of an offer to compromise. It may have been of the same import as the other answers to which we have made reference. However, if it was improper the court acted promptly and it was not purposely brought into the record as it ultimately developed. In view of this fact and because of the other competent testimony which was properly admitted we are satisfied that it was not prejudicial.

Some of the testimony of defendant, Roberts, might be construed to relate to an offer to compromise wherein he said that upon certain conditions he would give plaintiff $6000.00. However, the witness probably intended to disclose a willingness on his part to make a gift to plaintiff rather than recognition in any sense of the merit of his claim.

The admission of the testimony under consideration is not in conflict with the authorities on the subject.

In **Sherer v. Piper & Yenney**, 26 Oh St 476, the first syllabus reads:

"The fact that an offer to compromise the matters in dispute between the parties was made, is incompetent, either as evidence of a fact from which the liability of the party making the offer may be inferred, or as an admission of such liability."

This syllabus, of course, must be read in the light of the facts developed and upon which it was pronounced. In the trial a question was propounded to the witness to "state what offer, if any, defendant had made to plaintiffs, to compromise the matters of dispute between the parties to this cause growing out of the contract set out in the petition." The court refused to admit the terms of the alleged compromise but permitted an answer to the effect that there had been an offer to settle. Judge Gilmore, writing the opinion, at page 478 said, "As we read and understand the record it leaves no grounds for conjecture as to the stage of the case or the condition of the evidence at the time the testimony objected to was admitted."

In **Cincinnati v. Henkel & Bro.**, 3 Oh Ap 339, the reversal was grounded upon the admission of the full terms of an offer of compromise. In **Stillwater Turnpike Co. v. Coover**, 25 Oh St 558, the court held that testimony which was objected to because it related to a proposed compromise was held to be competent because it also had another probative effect. The judgment was reversed for failure of the court to give a proper charge respecting a certain entry in the corporate books of the Turnpike Company, and a refusal to limit the effect of the entry.

It is urged that the amount of the verdict probably was responsive to the testimony of Mrs. Stires. If so, it may have reduced the amount of the verdict. If the plaintiff was entitled to recover upon the cause of action sued upon it should have been for the amount of the money that he had advanced on the purchase price of the Park Bar Restaurant, Inc. Otherwise, he should not have recovered anything.

The third assignment of error is not established. The refusal of the court to give defendant Special Charge No. 2 to the jury before argument was not prejudicially erroneous to defendants. Nor do we find that

the verdict of the jury and judgment entered thereon are contrary to or against the manifest weight of the evidence. There were clear-cut issues between the parties as to which the witnesses were in direct conflict in their testimony. We cannot hold that the jury acted contrary to the manifest weight of the evidence.

The judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.